**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OMAR BRICENO-QUIJANO,

    Defendant - Appellant.

No. 22-1235
(D.C. No. 1:19-CR-00535-CMA-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **TYMKOVICH**, **BRISCOE**, and **McHUGH**, Circuit Judges.

_____

Omar Briceno-Quijano pleaded guilty to one count of conspiracy to distribute

and possess with intent to distribute controlled substances and one count of

conspiracy to commit money laundering.  The district court granted the government's

motion for a downward variance in offense level and criminal history, and then

sentenced Mr. Briceno-Quijano to 168 months on each count to run concurrently.  In

his plea agreement, Mr. Briceno-Quijano waived his right to appeal any matter in

connection with his conviction and sentence.  Despite this waiver, he filed a notice of

appeal.  The government has moved to enforce the appeal waiver in the plea

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  We grant the government's motion and dismiss the appeal.

Under *Hahn*, we consider the following three factors when deciding a motion to enforce an appeal waiver in a plea agreement:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice[.]" *Id.* at 1325.  Mr. Briceno-Quijano argues that enforcing the waiver would result in a miscarriage of justice.  He does not assert that his appeal is outside of the scope of the waiver or that his waiver was not knowing and voluntary, so we need not address those factors.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice except:  "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." 359 F.3d at 1327 (internal quotation marks omitted).

Mr. Briceno-Quijano contends that enforcing the waiver would result in a miscarriage of justice because the district court impermissibly "relied on the fact that [he] had family in Mexico in making its sentencing decision." Resp. at 6.  We disagree.  First, the response does not provide any record cites to support this assertion, and we see nothing in the transcript of the sentencing hearing where the

2

district court mentioned the fact that Mr. Briceno-Quijano had family in Mexico in making its sentencing decision (the court never mentions family in Mexico at all). Second, to the extent Mr. Briceno-Quijano is impliedly arguing that the court impermissibly relied on race or national origin in sentencing him, the record does not support that argument either.

The district court did discuss Mr. Briceno-Quijano's connections to Mexico at the sentencing hearing, but not for an impermissible reason. At the hearing, the district court was considering Mr. Briceno-Quijano's objection to the two-level enhancement under U.S. Sentencing Guidelines § 3B1.1(c) for his role in the offense. Although he argued he was only a "middleman," the court found Mr. Briceno-Quijano's conduct met "the definition for being a leader, organizer, or supervisor in this conspiracy." Mot. to Enforce, Attach. 3 at 7. In support of that conclusion, the district court noted the following facts:

> For the most part, the defendant lived and operated out of Mexico. In the stipulation of facts in the plea agreement, he agrees that he exported narcotics from Mexico to the Western Slope area of Colorado. Once the drugs arrived in Colorado, he used drug [couriers] whom he directed to deliver narcotics for him.
>
> The stipulated facts in the plea agreement also demonstrate that he provided two people in Colorado the names of people in Mexico to whom they should send electronic fund transfers representing payment for the drugs received.

*Id.*

The court explained that "[t]hese facts demonstrate that the defendant was actively engaged in both narcotics distribution and money laundering." *Id.* And the court further explained:

3

Directing subordinates when and where to deliver narcotics and how to electronically remit money to him in Mexico for those drugs makes [Mr. Briceno-Quijano] also a leader, as that term is defined in United States Sentencing Guideline Section 3B1.1, because those activities indicate that he had an element of control over underlings, particularly in the form of recruitment and direction.

*Id.* at 8 (internal quotation marks omitted).

We agree with the government that "[t]he district court's discussion of Briceno-Quijano's ties to Mexico . . . offer not even a hint that the court enhanced his sentence because of an impermissible factor such as race." Reply to Mot. to Enforce at 3. Mr. Briceno-Quijano has therefore failed to show that enforcement of the appeal waiver in his plea agreement would result in a miscarriage of justice.

Accordingly, we grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam